IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRISTIE DIANE DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. CIV-10-840-W |
| MICHAEL J. ASTRUC, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

### PROCEDURAL HISTORY

Plaintiff filed an application for DIB on February 10, 2008 alleging a disability beginning August 10, 2007 (TR. 89-90, 15). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 42, 43, 15). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on June 5, 2009 (TR. 22-41). At the hearing, Plaintiff appeared in person and with her attorney and offered her testimony in support of the application (TR. 24-26, 28-29, 39-40). A medical expert (ME) testified at the request of the ALJ (TR. 29-30, 32-34). A vocational expert (VE) also testified at the request of the ALJ (TR 30-31, 34-38). The ALJ issued his decision on July 1, 2009 finding that Plaintiff was not entitled to DIB. (TR. 15-21). The Appeals

Council denied the Plaintiff's request for review on June 12, 2010, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 1-3).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity during the relevant period, so the process continued (TR. 17). At step two, the ALJ concluded that Plaintiff had the following severe impairments: Obesity, low back impairment, depressive disorder and chronic pain syndrome (TR. 17). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 19).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to

> Perform work with the ability to sit 8 hours, stand and/or walk 1 hour, lift 30 pounds occasionally and 10 pounds frequently. She can frequently bend, twist, climb, reach, and finger. Her ability to communicate is not compromised, but her ability to concentrate and focus is moderately impaired due to pain and medication

(TR. 18). By using the medical vocational guidelines (Grids) as a framework for decision making and by considering the testimony of the VE, the ALJ determined that the Plaintiff was not disabled within the meaning of the Social Security Act, and was therefore not entitled to DIB (TR. 20-21).

On appeal to this Court, Plaintiff alleges that the ALJ erred in his evaluation of the opinions of Plaintiff's treating physicians; and that the ALJ also erred at step five by failing to meet his burden of identifying specific jobs which Plaintiff could perform given her RFC.

## MEDICAL EVIDENCE

In October 2007, Plaintiff's treating physician, Steve Drabek, M.D., completed a physician's statement in which he concluded that Plaintiff had "restrictions and limitations" due to debilitating pain, fatigue and depression; and that she had mental impairment due to chronic pain, fatigue and depression (TR. 342). Dr. Drabek's diagnosis was of interstitial cystitis and chronic pain (TR. 342). Dr. Drabek found that Plaintiff had reached maximum medical improvement; and that she could "never" recover sufficiently to perform the duties of any occupation (TR. 342). In June 2008, Dr. Drabek completed an attending physician's statement in which he concluded that Plaintiff had a "Severe limitation of functional capacity" and was "incapable of minimal (sedentary) activity; and further concluded that Plaintiff had "significant loss of psychological, physiological, personal and social adjustment" (TR. 298). Dr. Drabek explained his conclusions by stating that Plaintiff had a

3

"Chronic painful condition with no current etiology or consistent effective treatment" (TR. 298). Dr. Drabek also stated that Plaintiff was not a suitable candidate for rehabilitative services (TR. 298). Dr. Drabek's diagnosis was of interstitial cystitis with subjective symptoms of pain, fatigue and depression (TR. 297).

In August 2007, Plaintiff was examined by her treating physician, C.W. Hsu, M.D., who found that she had severe tenderness in the suprapubic area across the entire lower abdomen (TR. 222). Dr. Hsu's diagnosis was of interstitial cystitis, low back pain and neck pain (TR. 222).

In November 2007, Plaintiff's treating physician, Ray A. Drain, M.D., completed an attending physician's statement in which he concluded that Plaintiff had a "Severe limitation of functional capacity" and was "incapable of minimal (sedentary) activity; and remarked that Plaintiff's pain was "severely limiting" (TR. 244). Dr. Drain explained his conclusions by stating that a "progression of impairment" had occurred (TR. 244). Dr. Drain also stated that Plaintiff was not a suitable candidate for rehabilitative services; and was "unable to work at all" (TR. 244, 243). Dr. Drain's diagnosis was of interstitial cystitis with the subjective symptom of pain in the lower abdomen (TR. 243).

Plaintiff first argues that the ALJ erred by overlooking or disregarding the medical opinions of Plaintiff's treating physicians, Drs. Drabek, Hsu and Drain (See Plaintiff's Brief at pages 3-7). If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or

contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In his decision the ALJ provided only a scant review of the medical evidence from Plaintiff's treating physicians (TR. 18-19). Plaintiff presented well over 100 pages of medical evidence from her treating physicians, yet the ALJ's decision offers only one short paragraph summarizing selected portions of the medical evidence favorable to the Commissioner. Without explanation, the ALJ fails to discuss or even mention the opinions of Plaintiff's treating physician, Dr. Drabek, set forth in October 2007 and June 2008 (TR. 342, 297-298). The ALJ also fails to discuss or even mention the opinions of Plaintiff's treating physician, Dr. Drain, as expressed in his November 2007 attending physician's statement (TR. 243-244). The ALJ also ignores the treatment notes of Dr. Hsu.

On remand the ALJ should specifically discuss the opinions of Plaintiff's treating physicians and if he disregards those opinions he must set forth specific, legitimate reasons for doing so. The undersigned also notes that the ALJ's assessment of Plaintiff's credibility, though not raised as an issue on appeal, is plainly deficient and should be corrected on remand. The Commissioner's failure to adequately consider the medical evidence offered by Plaintiff's treating physicians has tainted the RFC determination and the resulting step five finding, thus, Plaintiff's remaining assertions of error will not be considered.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the final decision of the Commissioner is not supported by substantial evidence and should be **REVERSED and REMANDED for further administrative proceedings**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 1, 2011**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this the 11th day of July 2011.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE